CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ANDREA JACOBS (236892)
(E-Mail: Andrea_Jacobs@fd.org
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
JEFFREY SCOTT BROWN

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SCOTT BROWN,<br><br>Defendant. | Case No. 21-mj-565<br><br>**OPPOSITION TO GOVERNMENT'S BAIL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT A** |

Defendant Jeffrey Brown, by and through his counsel of record, Deputy Federal Public Defender Andrea Jacobs, opposes the government's motion for a bail appeal and requests that this Court affirm the bail order of Magistrate Judge Karen E. Scott from the Central District of California.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 30, 2021        By /s/ Andrea Jacobs
                                ANDREA JACOBS
                                Deputy Federal Public Defender

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Mr. Brown, along with thousands of others, was drawn to the Capitol on January 6th of this year to protest the election results at the encouraging of former President Trump. Prior to this event, Mr. Brown never acted out in violence. He has no prior convictions.[1] Mr. Brown's history and characteristics demonstrate that he is neither a risk of nonappearance nor a danger to the community. His participation in the events of January 6th was an aberration, stoked by the flames of misinformation and an overwhelming crowd. He was one of many who were driven to act out of their otherwise law-abiding behavior. For this single transgression, he should not be deemed a flight risk or danger to the community requiring pretrial detention.

Moreover, the Bail Reform Act itself supports bail pending trial in this case. *See United States v. Salerno*, 481 U.S. 739, 755 (1987) ("[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception"); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) ("Only in rare circumstances should release be denied," and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant"). The government cannot not overcome the presumption of release by showing with clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community, or by a preponderance of the evidence that no condition or combination of conditions can reasonably assure Mr. Brown's presence.

### II. FACTUAL AND PROCEDURAL HISTORY

On August 26, 2021, Mr. Brown was arrested and brought into federal custody for his initial appearance and bail hearing. After being interviewed by Probation and Pretrial Services, a report was issued recommending bail in the amount of $100,000.00 with conditions of pretrial release. After hearing argument from the parties, the

---

[1] The Pretrial Services Reports lists one prior conviction from 1987 when Mr. Brown was in high school. This conviction was expunged.

Honorable Karen E. Scott granted bail with conditions including location monitoring. *See* Exh. A. Mr. Brown's girlfriend and a surety, Kathy Gaughran, was present at the hearing and signed a $10,000.00 bond the same day. It is expected that Mr. Brown's mother will sign an affidavit of surety for the remaining amount. Mr. Brown was given until the following day, August 27th, to turn in his United States passport to Pretrial Services; he did so. Government counsel asked for a stay of the Court's bail order, which was denied. Mr. Brown was released on August 26th and placed on location monitoring. He is presently residing with his girlfriend and surety.

Government counsel next applied for an Emergency Stay and filed this Bail Appeal. On August 27th, the Honorable Amy Berman Jackson denied the Emergency Stay as Moot. This Bail Appeal remains pending and should also be denied. The Honorable Karen E. Scott, Magistrate Judge, set suitable conditions of release that reasonably assure both Mr. Brown's appearance and the safety of the community.

### III.  LEGAL STANDARD

As stated above, "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Salerno*, 481 U.S. at 755.[2] Therefore, the Bail Reform Act places a heavy burden on the government to show that detention is warranted. The government must prove by clear and convincing evidence that an individual is a risk of danger to the community, by a preponderance of the evidence that the individual is a risk of flight, and that no conditions or combination of conditions will ensure the individual's appearance. *Id.* at 1406-07.[3]

---

[2]  *See also, e.g.*, *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) ("In applying the [§ 3142(g)] factors to any particular case, the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." (quoting S. Rep. N. 98-225 at 7 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3189)); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

[3]  Data collected by the Administrative Office of the Courts demonstrates that there is a negligible risk that a released defendant will flee. Of federal defendants released on bond in 2019, ninety-eight percent did not fail to appear and did not commit new crimes. *See* ADMIN. OFF. U.S. COURTS, Judicial Business: Federal Pretrial Services, Table H-15, FY 2020 First Quart, available at

3

When making a determination as to whether the government has met its burden, the court is to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g)(1)-(4).

The "weight of the evidence" is the least weighty factor. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (explaining that the Bail Reform Act neither "requires nor permits a pretrial determination of guilt"). The Complaint alleges that Mr. Brown participated in a Telegram group chat by posting a photo of himself at LAX airport boarding a flight to Washington D.C. on January 5, 2021. *See* Complaint at 2. Notably *absent from* the Complaint are any posts made by Mr. Brown urging or suggesting violence, taking back the government by force, etc. The Complaint also shows various photos of someone identified as Mr. Brown by a witness capturing the crowds at the Capitol on a cell phone (Complaint at 5) and with an object in his hand that the government alleges is pepper spray (Complaint at 6). The Complaint then

---

https://jnet.ao.dcn/court-services/probation-pretrial-services/caseload-tables, public link available at https://perma.cc/LYG4-AX4H. In this district, in 2019, of 2,205 defendants released on bond, 0.9% were rearrested (20 people) and 1.13% failed to appear (25 people). *Id.* To overcome this data, the government must provide the Court with very specific, concrete facts to show that this particular defendant presents a flight risk.

states that an MPD Officer's gas mask was ripped off "*by another rioter*," not Mr. Brown, resulting in a bloody mouth.  See Complaint at 7.  It is *not alleged* in the Complaint that Mr. Brown, specifically, caused any physical harm to this officer by use of pepper spray or otherwise.

With respect to the seriousness of the offense, Mr. Brown is charged with a crime of violence, 18 U.S.C. § 111, which is one of few federal wobbler statutes that acts as either a felony or misdemeanor.  It is alleged that Mr. Brown possessed and used pepper spray.  It is *not alleged* that Mr. Brown possessed any other dangerous weapon such as a firearm or knife.  In addition, he is charged along with thousands of others in this District with obstruction of law enforcement, entering and remaining in a restricted building or grounds, and disorderly conduct in the a Capitol building.  18 U.S.C. § 231(a)(3), § 1752(a)(1), (2) and (4), 40 U.S.C. § 5104(e).  The large majority of individuals so charged are presently on bond.

As discussed in more detail below, Mr. Brown's history and characteristics strongly support that he is not a risk of nonappearance and certainly not a danger to the community.

### IV.  ARGUMENT

**A.   Mr. Brown Does Not Pose a Flight Risk.**

As Magistrate Judge Scott properly found, Mr. Brown does not pose a risk of flight for the following reasons:

1. <u>Commitment of Support through Affidavits of Surety</u>: Mr. Brown's girlfriend and mother represented to undersigned counsel their immediate willingness to sign an affidavit of surety.  Ms. Kathy Gaughran signed an affidavit in the amount of $10,000.00 and Mr. Brown's mother is expected to sign for the remaining amount of $90,000.00 before the Court's deadline of 9/3/2021.  See Exh. A.
2. <u>Established Record of Residency in the Central District of California</u>: Mr. Brown was born and raised in the Central District of California until high

school. After completing high school in Idaho, Mr. Brown returned and thereafter remained in the Central District of California. His mother resides in nearby Menifee, CA. His surety girlfriend lives in the same city as him, Santa Ana, CA, mere miles from the federal courthouse and undersigned counsel's office.

3. <u>Record of Regular Employment</u>: Mr. Brown obtained a degree in business from the University of Phoenix. He has maintained regular employment throughout his life. For the last five years, Mr. Brown worked for System Pavers doing in home sales.

4. <u>Positive Record Concerning Appearance at Court Proceedings</u>: Mr. Brown has one prior, albeit expunged, conviction, from 1987 when he was in high school. He has no other convictions or failures to appear. There is no concern that he will not make his court appearances here.

5. <u>Limited Foreign Travel</u>: Whereas Mr. Brown has traveled abroad in the past, his last international trip was in 2014. *See* Pretrial Services Report at 3. On Friday, August 27th, Mr. Brown turned in his United States passport to the custody of Probation and Pretrial Services. He already completed and filed a declaration that he will not apply for a passport during the pendency of this case.

6. <u>Location Monitoring Condition</u>: Judge Scott made it a condition of Mr. Brown's release that he participate in the Location Monitoring Program and have a curfew. Therefore, his Supervision Officer will always know his whereabouts whether he is working or at home at the end of the work day.

**B. Mr. Brown's Release on Conditions Would Not Threaten the Safety of the Community.**

Although he is currently charged with a crime of violence, Mr. Brown is not a danger to any person or the community. The government is unable to show by clear

6

and convincing evidence that Mr. Brown is a danger to the community for the following reasons:

1. <u>No Prior Actions or Convictions for Crimes of Violence</u>: Notably, Mr. Brown has no convictions. Aside from the alleged incident on January 6, 2021, Mr. Brown has no prior acts of violence. The government places emphasis on an incident in December 2020 when Mr. Brown protested California's mask mandate at a Costco. This incident was an act of free speech that neither promoted nor resulted in violence. Mr. Brown was also not arrested or charged with a crime. Because of the Costco mask protest, Magistrate Judge added conditions of release that Mr. Brown comply with posted COVID-related requirements at all public buildings. *See* Exh. A, Bond Order at p. 4 of 5. Moreover, prior to his trip to Washington D.C., Mr. Brown did not promote or encourage violence at the Capitol on social media or otherwise.

2. <u>Objects Found in Search of Home Were Not Weapons Beyond Self-Protection</u>: Prior to his arrest on August 26th, Mr. Brown was packing for a camping trip. Amongst the belongings found by law enforcement at his home, therefore, were pepper spray, zip ties, a receipt for bear spray, a broad tip arrow, and a warm jacket. *See* Govt Bail Appeal, Dkt. 6 at 13. In his vehicle, Mr. Brown kept a taser gun for self-protection because his work brings him to unknown areas and neighborhoods in the late evening hours as a salesman. *He does not own or possess an actual firearm or ammunition*. A condition of his release on bond is that Mr. Brown cannot "possess pepper spray, bear spray, or any spray chemical irritant." *See* Exh. A, Bond Order at p. 4 of 5.

3. <u>Aside from Marijuana Use, Mr. Brown is Sober</u>: Mr. Brown self-

    disclosed his marijuana use to Pretrial Services and that he has been sober from alcohol for five years. He has no other substance abuse issues. A condition of release was set that Mr. Brown not use or possess any drugs, including marijuana, and submit to drug testing. *See* Exh. A. It was also ordered that he attend mental health counseling. *Id*.

The government is essentially labeling Mr. Brown a danger to the community because of one incident that occurred in his 54 years of life. This record does not establish by clear and convincing evidence that Mr. Brown is a danger to the community. It also does not establish that no conditions or combination of conditions can assure the safety of the community.

**C. Conditions of Release Can Reasonably Assure Mr. Brown's Appearance and the Safety of the Community.**

  Given the 18 U.S.C. § 3142(g) factors and facts discussed above, the government cannot meet its heavy burden to compel Mr. Brown's detention. As Magistrate Judge Scott found, there are conditions that can reasonably assure Mr. Brown's appearance and the safety of the community. *See* Exh. A. With respect to detention, the Court must look at the big picture of Mr. Brown's life and characteristics, not just one aberrational event that, although serious, was unfortunately also encouraged by a former President of the United States and other government officials. Although undersigned counsel is not yet up to speed on the totality of cases charged in the District of Columbia resulting from the January 6th insurrection, a significant number of defendants charged specifically with assault pursuant to 18 U.S.C. § 111 were released on bond with various conditions set by the Court. *See e.g., U.S. v. Wilmar Jeovanny Montano Alvaardo*, 21-CR-154-RJL; *U.S. v. John Steven Anderson*, 21-CR-215-RC; *U.S. v. Bryan Glenn Bingham*, 21-mj-430; *U.S. v. David Alan Blair*, 21-CR-186-CRC; *U.S. v. Michael Leon Brock*, 21-CR-500-CJN; *U.S. v. Jamie N. Buteau*, 21-CR-489-RDM; *U.S. v. Luke Coffee*, 21-CR-327-RC; *U.S. v. Bruno Joseph Cua*, 21-CR-107-RDM; *U.S. v.*

*Matthew DaSilva*, 21-mj-520; *U.S. v. James Russell Davis*, 21-mj-536; *U.S. v. Joshua Christopher Doolin*, 21-CR-447-CJN; *U.S. v. Joseph Daniel Hutchinson III*, 21-CR-00447-CJN; *U.S. v. Kevin Louis Galetto*, 21-CR-517-CKK; *U.S. v. Richard L. Harris*, 21-CR-189-CJN; *U.S. v. Emanuel Jackson*, 21-CR-00395-TJK; *U.S. v. Taylor James Johnatakis*, 21-CR-00091-RCL; *U.S v. David Lee Judd*, 21-cr-00040-TNM; *U.S. v. Clifford Mackrell*, 21-cr-00276-CKK.[4]

## V.  CONCLUSION

For all of the reasons described above, Mr. Brown respectfully requests that this Court deny the government's bail appeal and uphold Magistrate Judge Scott's bail order and conditions of release.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  August 30, 2021          By  /s/ Andrea Jacobs
                                  ANDREA JACOBS
                                  Deputy Federal Public Defender

---

[4] This is a non-exhaustive list and defense counsel expects to find additional examples but wanted to get this brief filed for the Court's consideration with sufficient time prior to the hearing on August 31st at 12:00 p.m. EDT.