# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3063**               **September Term, 2021**

**1:21-mj-00565-ZMF-1**

**Filed On:** November 17, 2021

United States of America,

    Appellee

  v.

Jeffrey Scott Brown,

    Appellant

**BEFORE:**   Millett, Wilkins, and Jackson, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and facts filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's pretrial detention order entered on September 3, 2021, be affirmed.  Appellant has not demonstrated that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of the community.  See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284.  During the January 6, 2021 incident, as shown in video recordings submitted by the government, appellant worked his way to the front of a group of individuals attempting to violently force their way inside the U.S. Capitol by physically overcoming a defensive line of police officers.  The recordings also show that, during this confrontation, appellant received a spray can from another participant, pointed the can at police officers, and at least attempted to discharge its contents.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3063**　　　　　　　　　　　　　　　　**September Term, 2021**

　　The district court did not clearly err in weighing appellant's conduct, the weight of the evidence against him, the nature of the charges, his previous public disruption, his possession of dangerous items, and his evidence with respect to his positive character and community ties.  Nor did the district court clearly err in finding, based on all of the evidence, that appellant would pose a danger to the community if released.  See 18 U.S.C. § 3142(g).

　　The district court found, based on appellant's actions on January 6, 2021, and during a separate incident in December 2020, that releasing appellant "would risk additional inappropriate and disruptive outbursts, combative standoffs, and even violence."  A. 107.  Appellant has not shown that this finding was clear error.  Given that finding, the district court was not required to make further specific findings on the record with respect to the likely effectiveness of the release conditions deemed sufficient by the magistrate judge, or other potential release conditions.  See 18 U.S.C. § 3142(g)(4); United States v. Quaglin, 851 F. App'x 218, 219 (D.C. Cir. 2021) (per curiam).

　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

　　　　　　　　　　　　　　　　**FOR THE COURT:**
　　　　　　　　　　　　　　　　Mark J. Langer, Clerk

　　　　　　　　BY:　/s/
　　　　　　　　　　　Daniel J. Reidy
　　　　　　　　　　　Deputy Clerk